

**U.S. Department of Justice**                              **January 15, 2021**
Federal Bureau of Investigation
2501 Investigations Parkway
Quantico, VA  22135


*Via Federal Express*
AUSA Julie Finocchiaro
USAO Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002

     Re: *United States v. Carbajal*

Dear Ms. Finocchiaro:

     Michelle Martin has been employed as a Forensic Examiner in
the DNA Casework Unit at the Federal Bureau of Investigation
Laboratory in Quantico, Virginia since November 2016.  As a
Forensic Examiner, she determines which items in a case should
be tested for bodily fluids and/or DNA and oversees the
laboratory testing performed by biologists, to include how much
of an item is needed to obtain a DNA profile.  She reviews the
laboratory results, makes interpretations and conclusions,
issues reports, and testifies as needed.

     Ms. Martin obtained a Bachelor of Science in Chemistry from
the University of Wisconsin – River Falls and a Master of
Science in Clinical Laboratory Science from the University of
Minnesota.  She has 16 years of experience in Forensic DNA
analysis.  Her experience includes working at the Minnesota
Bureau of Criminal Apprehension, the Wyoming State Crime
Laboratory, the Defense Forensic Science Center, and the FBI
Laboratory.  She received specialized training at each
laboratory to qualify her to perform casework.  Her curriculum
vitae, which outlines her qualifications in more detail, is
attached hereto.

     The FBI Laboratory received evidence for FBI Case ID HO-
2238489 and assigned this evidence to FBI Laboratory Number

1

2018-01022.  In August 2020, Ms. Martin was assigned to perform DNA analysis on evidence submitted in this case.

Swabs submitted to the FBI Laboratory for the purpose of testing for handler DNA may have limited DNA present.  If Ms. Martin were to testify, she would opine that consuming these types of swabs provides the best opportunity to develop DNA typing results.  While DNA typing is extremely sensitive, a sufficient amount of DNA must be obtained from the evidence in order to develop a DNA typing result.  If a limited amount of DNA is obtained, DNA typing may result in a partial profile or no profile at all.  This can affect an examiner's ability to distinguish true contributors from non-contributors in a DNA profile.  Examiners are unable to know how much DNA is present on a swab without testing it; therefore, consuming swabs submitted for the purpose of testing for handler DNA is the best approach.

The FBI DNA Quality Assurance Manual, Rev. 14 (10/28/2020) at 7.9 (attached) states:

> "DNA personnel should use the amount of evidence considered necessary to provide DNA typing results.  It is noted that while every attempt is made not to consume the entirety of any particular item of evidence to allow for possible reexamination of that evidence at a later date by another laboratory, the primary goal is to use the amount of evidence necessary to provide DNA typing results.  When sample consumption is necessary, a concerted effort to obtain authorization from the prosecutor or contributor to consume evidentiary materials will be made prior to the initiation of DNA examinations (i.e., extraction) on the affected item(s).  A record of these communications will be retained with the case records."

The standard approach of the DNA Casework Unit of the FBI Laboratory is to request to consume swabs submitted for DNA testing for the reasons listed above.  If staining is observed, the Laboratory may determine that the swab does not need to be consumed for testing, in which case an appropriate portion of the swab is consumed.  However, for swabs without staining, such as samples from cars, weapons, and bottles, the swabs are consumed if permission is granted.  All DNA Examiners at the FBI Laboratory would approach these swabs in the same way.

It should also be noted that the FBI Laboratory does not permit outside observation of DNA testing.[1]  There are several

---

[1] Pursuant to the FBI Laboratory Quality Assurance Manual, "Due to security, classification issues, and the sensitivity of cases within the FBI Laboratory, the integrity of evidence is of utmost importance.  The Laboratory Director does not allow any unauthorized personnel to have access to the Laboratory areas for

reasons for this.  First, the FBI Laboratory is involved in
processing evidence related to extremely sensitive criminal
investigations and prosecutions.  Permitting outside observers
into laboratory areas would raise security and classification
concerns, and could potentially compromise cases under
investigation by the FBI.  Second, permitting in-person
observation poses a heightened risk of contamination. As DNA
analyses are processed in batches, observation of DNA testing
raises the risk of contamination not only in the instant case,
but for all others being analyzed at the same time.  Finally,
visitors are not currently permitted to enter the FBI Laboratory
due to the risk of exposure to COVID-19.  A COVID-19 exposure
event within the DNA Unit would severely undermine the ability
of the FBI Laboratory to operate at the capacity necessary to
support law enforcement investigations across the country.

Sincerely,

Charles C. Choi
Chief, Forensic Science Law Unit
FBI Forensic Laboratory

---

the purpose of viewing forensic examinations or DNA databasing." FBI QAM 3.4.1 Rev. 13, P. 3
(attached).

3